## PENGLASE v. COE, Com'r of Patents.

### No. 61930.

District Court of United States for the District of Columbia.

Jan. 17, 1939.

Edward W. Shepard, of Washington, D. C., Usina & Rauber, of New York City, Henry M. Huxley and Russell H. Clark, both of Chicago Ill., for plaintiff.

R. F. Whitehead, Sol., of the U. S. Patent Office, of Washington, D. C., for defendant.

GORDON, Justice.

This is a suit in equity under Sec. 4915, R.S., 35 U.S.C. Sec. 63, 35 U.S.C.A. § 63, to authorize the Commissioner of Patents to issue a patent to plaintiff on certain improvements in movable counterweights for power excavators.

The tribunals of the Patent Office rejected the claims here involved on the ground that the combination on which patent is sought is obvious from the prior art. Some six foreign patents and one United States patent are cited by the Com-

missioner as indicating the state of the prior art. Claim 4 of plaintiff's application, which is illustrative of the other claims, reads as follows: "4. In a power shovel, the combination of a power base, an inclined boom, a dipper handle mounted thereon for swinging in a vertical plane about a point, an excavating dipper carried by said handle, a sheave on the outer end of said boom, a winch on said base, a hoisting rope leading from said winch over said sheave to said dipper to cause said handle to swing in a vertical plane, a reversible motor for selectively driving said winch to wind or unwind said rope, a weight on said base mounted for raising and lower movements, and means connecting said weight to said winch whereby the descent of said weight aids said winch in the winding of the rope to raise the dipper."

The novelty, utility and commercial success of plaintiff's combination are not disputed. The sole point is whether, in view of the prior art, plaintiff's combination constitutes invention, for which he is entitled to a patent, or whether it constitutes a mere exercise of mechanical skill, which would be obvious to anyone skilled in the art.

After a careful consideration of the patents cited, I am convinced that Penglase has invented a new combination which produces a new, useful and unobvious result which could not be produced by any of the prior devices. I do not think that the patents cited disclose or suggest, either singly or in combination the improvement in digging obtained by plaintiff's combination. In only one of these patents —that issued to Grossmith in 1910—was an attempt made in a power excavator to utilize a counterweight in lifting the dipper, but no practical success resulted. It remained for Penglase to produce a practical combination employing a counterweight and resulting in practical improvements in hoisting and digging.

In my opinion the plaintiff's improvements constitute invention and he is entitled to a patent on the claims involved. Moreover, the record in this case shows both utility and commercial success. Thornton v. Coe, App.D.C., 102 F.2d 247, decided December 29, 1938.

Counsel will prepare appropriate findings of fact and conclusions of law, as well as judgment authorizing the Commissioner to issue a patent.